UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PRIMARY RESIDENTIAL MORTGAGE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 4:05CV1115 CDP |
| GUARANTEE TITLE INSURANCE, CO., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this suit seeking to recover amounts it lost as a result of a real estate fraud. Defendant issued a "Closing Protection Letter," which plaintiff claims obligates defendant to pay the loss. Defendant has moved to dismiss the complaint for failure to state a claim. I conclude that plaintiff has adequately pleaded each of its claims, and so I will deny defendant's motion.

**I.     Background**

This case arises out of the purchase of title insurance for a real estate transaction that turned out to be fraudulent. Plaintiff Primary Residential Mortgage, Inc. (PRMI) was the mortgage lender for a buyer, Michael Carothers, who purchased property in Saint Louis, Missouri. On November 1, 2001, defendant Guarantee Title Insurance, Co. issued title insurance in favor of PRMI for the

amount of Carothers' mortgage on the property. Guarantee provided PRMI with a Closing Protection letter in connection with the Carothers loan. The Closing Protection letter states:

> When title insurance of The Bar Plan Title Insurance Company is specified for your protection in connection with closings of real estate transactions in which you are ... a lender secured by a mortgage (including any other security instrument) of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with such closings when conducted by
>
> Herman L. Jimerson and/or Action Title Company
> \*\*\*
> and when such loss arises out of:
> \*\*\*
> 2. Fraud or dishonesty of said issuing agent or approved attorney in handling your funds or documents in connection with such closing.

(Ex. 2 to Pl.'s Compl.) Jeannita Triggs of Action Title was the closing agent when the closing took place on December 5. The transaction was recorded on a HUD-1 Settlement Statement. A Note and Deed of Trust were issued in PRMI's favor for the loan.

PRMI sold the loan to GMAC Residential Funding, who later foreclosed on the property and sold it to a third party after Carothers defaulted. In 2003, GMAC alleged misrepresentations on the original loan application and appraisal, and demanded that PRMI reimburse it the amounts it lost from the defendant. PRMI did

so, as required by its contract with GMAC.

PRMI later learned of pending federal mail fraud charges against Triggs regarding mortgage transactions at Action Title, including this transaction. Triggs eventually pleaded guilty and was ordered to pay restitution to PRMI. PRMI, however, has received no payments from Triggs.

PRMI submitted a demand for reimbursement of its losses to Bar Plan Title and later to defendant Guarantee Title, as a result of Triggs' and/or Action Title's fraud regarding the HUD-1 Settlement Statement. After denial of the claim, PRMI filed this suit. It alleges breach of contract, breach of implied covenant of good faith and fair dealing, vexatious refusal to pay insurance claim and unjust enrichment.

## II. Discussion

Guarantee moves to dismiss PRMI's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). Guarantee asserts that under the plain language of the title insurance policy and Closing Protection letter, PRMI is not entitled to coverage for the fraud because it involved a falsification on a HUD document, which Guarantee says cannot be a fraud in handling PRMI's "funds or documents." This argument asks the Court to assume, as a matter of law, that the HUD document "belonged" to the purchaser (Carothers) and not to PRMI. Guarantee also asserts that PRMI did not give prompt notice of the claim.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### A. Breach of Contract and Implied Covenant

Guarantee argues that PRMI's complaint fails to state a contract claim because the Closing Protection letter does not provide coverage for this fraud. Specifically, Guarantee argues that the letter covered only fraud affecting "your funds or documents," and that this fraud did not relate to PRMI's "funds or documents." Guarantee states that the HUD-1 Settlement Statement that contained the falsified information belongs to Carothers and not PRMI. In addition, Guarantee asserts the claim is barred by lack of prompt notice.

The necessary elements for establishing a breach of contract claim include: (1) the existence of a valid contract; (2) the rights and obligations of the respective

parties; (3) a breach; and (4) damages.  Howe v. ALD Services, Inc., 941 S.W.2d 645, 650 (Mo. Ct. App. E.D. 1997).  PRMI's complaint alleges the existence of a valid title insurance contract between the parties, which included coverage for fraud associated with the HUD-1 Settlement Statement.  Plaintiff further alleges that a breach of that contract occurred when Guarantee refused to reimburse plaintiff for damages it suffered as a result of fraud.

Federal Rule of Civil Procedure 12(b)(6) requires that the Court assume that all factual allegations of the complaint are true, and construe all such allegations in favor of the plaintiff.  Neitzke v. Williams, 490 U.S. at 326-27.  Given this standard, PRMI has asserted all the necessary legal elements of a breach of contract claim.  As to the issue of prompt notice, PRMI asserts that all material obligations under the contract have been performed, including timely demand of the claim.  "A motion to dismiss does not test the facts to support the claim."  Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981) (citing Niece v. Sears, Roebuck & Co., 293 F.Supp. 792, 794 (N.D. Okla. 1968)).  The issue of the ownership of the HUD-1 Settlement Statement and the promptness of the notice are factual disputes not properly determined on a motion to dismiss.

In every contract there is an implied covenant of good faith and fair dealing on the part of both parties.  Bain v. Champlin Petroleum Co., 692 F.2d 43 (8th Cir.

1982). PRMI's complaint alleges the existence of a valid contract and acts violating the implied covenant of that contract. Assuming the facts of the complaint are true, plaintiff's breach of contract and implied covenant claims are legally sufficient to withstand a motion to dismiss for failure to state a claim.

### B. Vexatious Refusal to Pay / Unjust Enrichment

Guarantee asserts that plaintiff's vexatious refusal claim should be dismissed because defendant's refusal to pay was reasonable. According to Missouri Revised Statutes, a court or jury can award additional damages when an insurance company's refusal to pay a loss was "without reasonable cause or excuse." Mo. Rev. Stat. § 375.420 (1994). Plaintiff asserts in the complaint that defendant's refusal to pay met this standard of "without reasonable cause or excuse." Plaintiff's pleading of lack of reasonableness is sufficient, and I cannot determine, as defendant urges, that Guarantee's behavior was reasonable as a matter of law.

The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. Erslon v. Vee-Jay Cement Contracting Co., Inc., 728 S.W.2d 711, 713 (Mo. Ct. App. E.D. 1987) (citing Green Quarries, Inc. v. Raasch, 676 S.W.2d 261, 264 (Mo. Ct. App.

W.D. 1984)). Defendant argues that its enrichment from the receipt of title insurance premiums was not unjust. Assuming PRMI's factual allegations are true, the claims of vexatious refusal to pay and unjust enrichment are sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Dismiss [#10] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2005.